1  CASPER J. RANKIN (SBN 249196)
   ARNOLD L. GRAFF (SBN 269170)
2  ERIC J. TESTAN (SBN 268919)
   PITE DUNCAN, LLP
3  4375 Jutland Drive, Suite 200
   P.O. Box 17933
4  San Diego, CA 92177-0933
   Telephone: (858) 750-7600
5  Facsimile: (619) 590-1385

6  Attorneys for  DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE

7

8

9

10              UNITED STATES BANKRUPTCY COURT

11      NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

12  In re                              Case No. 11-57575

13  NANCY ELLEN BERNARD,               Chapter 13

14                                     OBJECTION TO CONFIRMATION OF
                                       CHAPTER 13 PLAN
15          Debtor.

16

17      Deutsche Bank Trust Company Americas as Trustee[1] (hereinafter "Creditor"), secured

18  creditor of the above-entitled Debtor, Nancy Ellen Bernard (hereinafter "Debtor"), hereby objects to

19  the Chapter 13 Plan filed by Debtor in the above-referenced matter.  GMAC Mortgage, LLC acts as

20  the servicing agent for Creditor. The basis of the objection is stated below:

21                                   **I.**

22                         **STATEMENT OF FACTS**

23      1.    On or about April 6, 2005, Debtor, for valuable consideration, made, executed and

24  delivered to Homecomings Financial Network, Inc. (hereinafter "Lender") a Promissory Note in the

25  principal sum of $142,000.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make

26  monthly principal and interest payments. A copy of the Note is attached hereto as **Exhibit A** and

27  incorporated herein by reference.

28

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

2. On or about April 6, 2005, Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 2047 Montecito Avenue #21, Mountain View, California 94043 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on April 14, 2005 in the official records of the Santa Clara County Recorder's office. A copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference.

3. Subsequently, Lender's beneficial interest in the Deed of Trust was sold, assigned and transferred to Creditor.

4. On or about August 11, 2011, Debtor filed a Chapter 13 bankruptcy petition. Debtor's Chapter 13 Plan provides for payments to the Trustee in the sum of $55.00 per month for twelve (12) months, $800.00 per month for twenty-four (24) months, and $1,500.00 per month for thirty-six (36) months. However, Debtor's Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears, but rather states that Debtor intends to apply for a loan modification with Creditor.

5. On September 20, 2011, Creditor confirmed that there is currently no loan modification application pending on Debtor's account, and in fact, there has never been any loan modification activity pending on Debtor's account.

6. Creditor is in the process of finalizing its proof of claim, which should be filed shortly. The pre-petition arrearage claim is in the amount of $1,715.83, consisting of payments due in the amount of $1,356.40, administrative fees in the amount of $59.43; and post-petition bankruptcy attorney's fees and costs in the amount of $300.00.

7. Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $28.60 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

Creditor now objects to the Chapter 13 Plan filed herein by Debtor.

/././

/././

/././

/././

Case: 11-57575    Doc# 18    Filed: 10/04/11    Entered: 10/04/11 13:56:55    Page 2 of 4

## II.

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

**A.    DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii).

The amount of arrearage in Debtor's Chapter 13 Plan is incorrect. The pre-petition arrears specified in the Chapter 13 Plan are $0.00, but the actual pre-petition arrears equal $1,715.83. Moreover, while Debtor's Plan indicates that Debtor intends to apply for a loan modification with Creditor, Debtor has never submitted any loan modification materials, and Debtor's Plan does not state anything else regarding any prospective loan modification agreements. As a result, Debtor's Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

**B.    PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d).

Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $28.60 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

**C.    FEASIBILITY**
11 U.S.C. § 1325(a)(6); 11 U.S.C. § 1322(d).

Debtor's Schedule J indicates that the Debtor has disposable income of -$231.00. However, Debtor proposes to apply $55.00 per month for twelve (12) months, $800.00 per month for twenty-four (24) months, and $1,500.00 per month for thirty-six (36) months. Accordingly, Debtor lacks sufficient monthly disposable income with which to fund this Plan.

Debtor's Schedule J indicates that the Debtor has disposable income of -$231.00. However, Debtor will be required to apply a minimum of $28.60 monthly to the Chapter 13 Plan in order to provide for a prompt cure of Creditor's pre-petition arrears. Accordingly, Debtor lacks sufficient monthly disposable income with which to fund this Plan.

Case 11-57575    Doc# 18    Filed: 10/04/11    Entered: 10/04/11 13:56:55    Page 3 of 4

1    WHEREFORE, Creditor respectfully requests:

2        1.    That confirmation of the Debtor's Chapter 13 Plan be denied;

3        2.    That Debtor's case be dismissed;

4        3.    Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in

5    Creditor's Proof of Claim be paid within a period not exceeding sixty (60) months; and

6        4.    Alternatively, that the Plan be amended to reflect that Creditor maintains a fully secured

7    claim which is subject to an Adequate Protection Order requiring the Debtor to maintain current Plan

8    payments to the Chapter 13 Trustee; and

9        5.    For such other and further relief as this Court deems just and proper.

10

11                                          Respectfully submitted,

12    Dated:      October 4, 2011            PITE DUNCAN, LLP

13

14                                          /s/ ARNOLD L. GRAFF (SBN 269170)
                                            Attorneys     for DEUTSCHE    BANK    TRUST
15                                          COMPANY AMERICAS AS TRUSTEE

16

17

18

19

20

21

22

23

24

25

26

27

28

Case: 11-57575   Doc# 18   Filed: 10/04/11   Entered: 10/04/11 13:56:55   Page 4 of 4